## BROOKS v. PULLMAN CO.

### (Circuit Court of Appeals, First Circuit. April 30, 1914.)

### No. 1049.

1. PLEADING (§ 205*)—DEMURRER—GENERAL DEMURRER TO DECLARATION DEFECTIVE IN FORM.

A general demurrer to a declaration, which consisted of a narrative of facts from which the conclusion was drawn that defendant was liable for injuries to plaintiff's intestate, many of the allegations being matters of evidence and others being conclusions of law, no special demurrer having been filed, as required by Rev. St. § 954 (U. S. Comp. St. 1901, p. 696), to raise questions as to the form of a pleading, cannot be sustained.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 491–493, 495, 496, 498–510; Dec. Dig. § 205.*]

2. PLEADING (§ 214*)—ADMISSIONS BY DEMURRER—CONCLUSIONS OF LAW.

Conclusions of law set forth in a declaration are not admitted by a demurrer thereto.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 525–534; Dec. Dig. § 214.*]

In Error to the District Court of the United States for the District of Maine; Clarence Hale, Judge.

Action by Gerry L. Brooks, administrator, against the Pullman Company. Judgment for defendant upon demurrer to the declaration, and plaintiff brings error. Reversed and remanded, with directions.

The memorandum brief of defendant in error in reply was as follows:

Upon page 8 of his brief counsel for plaintiff in error cites Weed v. United States (D. C.) 65 Fed. 399, Frank v. Forgotstone, 30 Misc. Rep. 816, 61 N. Y. Supp. 1118, and Failey v. Talbee (C. C.) 55 Fed. 892, relative to the law as to overruling a demurrer; and, while he does not state his conclusion, it is evident that he means that in the present case the demurrer should not have been sustained.

Defendant in error claims that the effect of sustaining a demurrer is the same as directing a verdict for the defendant, and that where a verdict would be so directed, it is entirely proper for the court to sustain a demurrer, and that under the allegations in the present suit it was the duty of the court to sustain a demurrer, as it would have been its duty to have directed a verdict for the defendant at the close of the evidence.

_____

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Thus in Clark et al. v. Zarniko, 106 Fed. 607, 45 C C. A. 494, it was held: "If, at the close of the trial of an action for damages for negligence, the evidence conclusively discloses the fact that the plaintiff was guilty of negligence which contributed to his injury, it is the duty of the trial court to instruct the jury to return a verdict for the defendant."

In Christensen v. Metropolitan St. Ry. Co., 137 Fed., at page 708, 70 C. C. A. at page 661, it was held:

"While the questions of negligence and contributory negligence are ordinarily questions of fact to be passed on by a jury, yet if it clearly appears from the undisputed facts, *judged in the light of that common knowledge and experience of which courts are bound to take notice,* that a party has not exercised such care as men of common prudence usually exercise in positions of like exposure and danger, or where the evidence is of such conclusive character that the court would be compelled to set aside a verdict in opposition to it, the case may properly be withdrawn from the jury."

In Chicago, R. I., etc., R. R. Co. v. Baldwin, 164 Fed. 827, 90 C. C. A. 630, it was held:

"Where such a failure to use the senses is established by undisputed or conclusive evidence, it is the duty of the trial court to instruct the jury that there can be no recovery of damages on account of the injury."

In Chicago, etc., R. R. Co. v. Bennett, 181 Fed. 799, 104 C. C. A. 309, it was held:

"One whose negligence contributes to his injury cannot recover damages of another whose negligence concurred to cause it, even though the carelessness of the latter was the more proximate cause of it.

"Where at the close of the trial the evidence so clearly discloses the fact that the plaintiff was guilty of negligence which contributed to his injury that a finding to the contrary cannot be sustained by the court, it is its duty to direct the jury to return a verdict for the defendant."

Gerry L. Brooks, of Portland, Me. (Benjamin Thompson, of Portland, Me., on the brief), for plaintiff in error.

David W. Snow (Josiah H. Drummond, Drummond & Drummond, and Symonds, Snow, Cook & Hutchinson, all of Portland, Me., on the brief), for defendant in error.

Before PUTNAM, DODGE, and BINGHAM, Circuit Judges.

PER CURIAM. [1] A demurrer to the declaration in this case has been sustained by the District Court, without opinion, and the plaintiff seeks to reverse the resulting judgment for the defendant. The declaration consists of a narrative of facts and circumstances framed with little regard for the requirements of good pleading, from which the conclusion sought to be drawn is that negligence of the defendant company, its servants or agents, damaged the plaintiff's intestate, a passenger on one of its cars.

[2] Many of the matters alleged, perhaps admissible as evidence to support the plaintiff's claim, are out of place in such a declaration. Other allegations are of conclusions of law, and of course not admitted by the demurrer. With the above are matters of fact alone and matters of mixed law and fact, all so intermingled as to leave it difficult to disconnect that which is properly from that which is improperly alleged. No special demurrer was filed, which would have been the proper way to raise these objections. Rev. St. § 954 (U. S. Comp. St. 1901, p. 696). The only ground of demurrer is that the declaration is insufficient in law.

It may be that if the plaintiff's evidence at a trial had tended to

prove, without more, such facts as are well pleaded in the declaration, and he were here on exceptions to a directed verdict for the defendant, we should affirm the judgment below. But the case in its present form cannot be satisfactorily dealt with as one in which we have before us all the plaintiff's evidence. So to deal with it would, at least, require us to distinguish clearly that which is well alleged in the declaration from that which is not. In this task the parties, though apparently disagreeing as to what stands admitted by the demurrer, have hardly undertaken to afford us any assistance.

We think the case should be remanded for trial, with opportunity to the defendant to plead over.

The judgment of ·the District Court is reversed, and the case is remanded to that court, with directions to permit the defendant in that court to plead over within such time as the court may fix; and the plaintiff in error recovers his costs of appeal.